**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN ERNESTO GUZMAN BARRON,<br><br>          Petitioner,<br><br>     v.<br><br>MARKWAYNE MULLIN, ETC., ET AL.,<br><br>          Respondents. | No. ED CV 26-4082-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Verified Petition for Writ of Habeas Corpus, etc." ("the Petition") on July 21, 2026.  Respondents filed an Answer on July 28, 2026.  Petitioner did not file a Reply within the allotted time.

**FACTUAL BACKGROUND**

Petitioner, a citizen of Mexico, previously pursued habeas relief in this Court in Guzman Barron v. Mullin, et al., CV 26-2881-E ("the prior action").  In the prior action, Petitioner sought release from ICE detention.  By Order and Judgment filed in the prior action on June 15, 2026, the Court denied Petitioner's request for release, but ordered a prompt bond hearing before

an immigration judge.

Petitioner received such a hearing on June 22, 2026.  At that hearing, the immigration judge found that the Government had met its burden to show by clear and convincing evidence that Petitioner poses an unacceptable risk of flight.  The immigration judge's written order emphasized that Petitioner entered the United States without inspection, has worked in the United States unlawfully, has been arrested multiple times, has been the subject of four arrest warrants, failed to appear in a criminal court (which led to the issuance of a bench warrant) and previously violated probation.  The immigration judge acknowledged certain facts arguably mitigating the risk of flight, but concluded that bond should be denied based on the aggravating facts summarized above.

In the present Petition, Petitioner assails the validity of the immigration judge's ruling and again seeks release from ICE detention.

**DISCUSSION**

A federal district court's jurisdiction to review bond or detention decisions by immigration judges is limited.  See Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024) ("Martinez v. Clark").  District courts review dangerousness findings under an "abuse of discretion" standard.  See id. at 784.  Under the rationale of Martinez v. Clark, district courts also review immigration judges' flight risk findings under an "abuse of discretion" standard.  See, e.g., Zaitsev v. Warden, 2026 WL 391429 (C.D. Cal. Feb. 9, 2026).

This "abuse of discretion standard" is "deferential."  See Martinez v. Clark, 124 F.4th at 784.  "That deference reflects Congress's decision to cabin judicial review in removal proceedings. . . .  And we tread especially carefully in this area where Congress sought to eliminate judicial review."  Id. (citations and quotations omitted).  In the abuse of discretion

2

review, the Court may not "reweigh evidence," and the Court should "generally, in the absence of any red flags," accept that the immigration authorities applied the proper standards. Martinez v. Clark, 124 F.4th at 785.

In the present case, Petitioner has failed to demonstrate that the immigration judge's flight risk finding constituted an abuse of discretion.  The immigration judge applied the correct burden of proof and referenced multiple facts rationally supporting the judge's decision. Although certain other facts in the record arguably weigh against this decision, this Court may not "reweigh evidence."  Martinez v. Clark, 124 F.4th at 785; see also Singh v. Bowen, 2026 WL 485760, at *4 (C.D. Cal. Feb. 19, 2026) (to the extent a petitioner seeks release during the pendency of an administrative appeal of an immigration judge's flight risk finding "simply because the [alien] disagrees with the merits of the immigration judge's decision," the court lacks jurisdiction to grant relief).  None of Petitioner's arguments justify the relief requested in the Petition.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**ORDER**

For the reasons discussed herein,[1] IT IS ORDERED that the Petition is denied and dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 10, 2026.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court need not and does not determine whether the Petition also should be denied for failure to fulfill the prudential requirement of exhausting available administrative remedies.